# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL NO. 3:17-CR-134-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RENALDO RODREGUS CAMP, ) | |
| ) | |
| Defendant. ) | |

On May 22, 2017, Defendant appeared before this Court for detention hearing and arraignment. He was represented by appointed counsel Roderick G. Davis. At the outset of the hearing, Defendant interrupted the Assistant U. S. Attorney and was admonished by the Court. At the conclusion of the hearing, the Court ordered Defendant detained. As he was leaving the courtroom, Defendant began yelling in a belligerent tone about "black people" being "locked up." The Court commenced the next hearing and Defendant continued yelling from the lockup in a loud and belligerent tone. At one point during the course of the next hearing, Defendant yelled "f—k the judge" which was clearly audible inside the courtroom. Defendant was returned to the courtroom for summary contempt proceedings following completion of the morning session.

The contempt powers of a United States Magistrate Judge are set forth in 28 U.S.C. § 636(e), as amended by the Federal Courts Improvement Act of 2000. Those powers include summary criminal contempt authority in any case before the Magistrate Judge, as well as criminal and civil contempt authority in certain civil consent and misdemeanor cases. Specifically, a Magistrate Judge's criminal contempt authority includes "the power to punish summarily by fine

or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice." 28 U.S.C. § 636(e)(2). "The sentence imposed by a magistrate judge for any criminal contempt [under 28 U.S.C. § 636(e)(2) & (3)] shall not exceed the penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of Title 18." 28 U.S.C. § 636(e)(5). Based upon the maximum penalties for a Class C misdemeanor, any person found guilty of criminal contempt faces up to thirty (30) days imprisonment (18 U.S.C. § 3581(b)(8)) and a $5,000.00 fine (18 U.S.C. § 3571(b)(6)). "The contempt order must recite the facts, be signed by the judge, and filed with the clerk." Fed.R.Crim.P. 42(b).

Defendant's conduct occurred in the Court's presence and constituted misbehavior obstructing the administration of justice. The Court advised Defendant that he was being held in summary criminal contempt for his belligerent conduct. The Court allowed Defendant and his counsel an opportunity to respond.

Based upon the foregoing, the Court finds Defendant guilty of summary criminal contempt in the presence of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(e)(2) and (5). Accordingly, Defendant is committed to the custody of the Attorney General for thirty (30) days imprisonment.

The Clerk is directed to send copies of this Order to counsel for the parties, and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: May 22, 2017

_____
David S. Cayer
United States Magistrate Judge